IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Euron Matthews, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14 cv 6003 |
| | ) | |
| | ) | |
| Jake Debus, Michael Janovyak, | ) | Judge Matthew F. Kennelly |
| Jason Prokop, Officer Adams Star #2093, | ) | |
| Alan Beckman, Thomas Hannon and | ) | Magistrate Judge Sheila Finnegan |
| Will County, Illinois. | ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED COMPLAINT AT LAW**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. § 1983 and the Laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff by the Defendant Officers after the Plaintiff was arrested and held and incarcerated as a pre-trial detainee at the Will County Adult Detention Facility by the Defendant Officers on August 4, 2013. This action also includes related Illinois State-Law claims.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367.

3. Venue in this District is proper pursuant to 28 U.S.C. §1391 as the acts complained of occurred within the Northern District of Illinois.

**Parties**

4. Plaintiff Euron Matthews is an individual who at all times relevant hereto was living in the Northern District of Illinois.

5.     Defendant Jake Debus was at all times relevant hereto employed by Will County as a Will County Sheriff's Office Correctional Officer/Emergency Response Team Member and acting under color of state law.  This Defendant is sued in his individual capacity.

6.     Defendant Michael Janovyak was at all times relevant hereto employed by Will County as a Will County Sheriff's Office Correctional Officer/Emergency Response Team Member and acting under color of state law.  This Defendant is sued in his individual capacity.

7.     Defendant Jason Prokop was at all times relevant hereto employed by Will County as a Will County Sheriff's Office Correctional Officer/Emergency Response Team Member and acting under color of state law.  This Defendant is sued in his individual capacity.

8.     Defendant Officer Adams Star #2093 was at all times relevant hereto employed by Will County as an officer with the Will County Sheriff's Office and acting under color of state law.  This Defendant is sued in his individual capacity.

9.     Defendant Alan Beckman was at all times relevant hereto employed by Will County as a Will County Sheriff's Office Deputy and acting under color of state law.  This Defendant is sued in his individual capacity.

10.    Defendant Thomas Hannon was at all times relevant hereto employed by Will County as a Will County Sheriff's Office Deputy and acting under color of state law.  This Defendant is sued in his individual capacity.

11.    Defendant Will County, Illinois was at all times relevant hereto the entity responsible to pay any compensatory judgment against its employees and is therefore a necessary party.

2

**Facts**

12. On August 4, 2013, the Plaintiff was arrested in Lockport Township, Illinois and brought to the Will County Adult Detention Facility by Will County Sheriff's Officers.

13. The Plaintiff was brought to the nurse's station upon arrival for a medical screening, and on the way to and after entry into the nurse's station, Defendant Officer Janovyak was cursing at and verbally bating the Plaintiff.

14. During the medical screening procedure, the Defendant Officers grabbed the Plaintiff, pulled him from the nurse's station, threw him on the ground, and the Plaintiff felt like he was struck on the head.

15. The Defendant Officers cuffed the Plaintiff, dragged him into a padded cell, threw him forcibly to the floor, face down, and the Plaintiff lost consciousness temporarily. Plaintiff regained consciousness momentarily to find the Defendant Officers were beating him, and he passed in and out of consciousness during this time.

16. A Defendant Officer then pointed a taser weapon at the Plaintiff and stated: "If you move we will say you resisted" – implying they would shoot him with the taser weapon.

17. The Defendant Officers pulled the Plaintiff's arms and legs behind his back in a "hog-tied" position, ripped his leg hard pulling his knee out of joint, and left the cell laughing.

**COUNT I - 42 U.S.C. §1983**
**Excessive Force - Defendant Officers**

18. The Plaintiff re-alleges Paragraphs I through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. As described above, the Defendant Officers used excessive force during the booking process, medical screening, and incarceration of the Plaintiff.

20. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

21. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

22. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Euron Matthews, prays for judgment in his favor and against the Defendant Officers, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Failure to Intervene - Defendant Officers

23. The Plaintiff re-alleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24. The Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. The Defendant Officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so.

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice,

4

and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

26. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

27. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Euron Matthews, prays for judgment in his favor and against the Defendant Officers, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT III - 42 U.S.C. §1983
### Failure to Provide Medical Care- Defendant Officers

28. The Plaintiff re-alleges Paragraphs 1 through 27, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 28.

29. As described above, the Defendant Offices inappropriately, and in contravention of the United States Constitution, refused to provide the Plaintiff with necessary medical treatment after he was injured by the Defendant Officers, even though they were aware of the need.

30. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

31. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

32. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Euron Matthews, prays for judgment in his favor and against the Defendant Officers, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count IV - Illinois State Law
## Battery - All Defendants

33. The Plaintiff re-alleges Paragraphs 1 through 32, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 33.

34. As described above, the Defendant Officers intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

35. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as Will County Sheriff's police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

36. Defendant Will County is liable as principal for all torts committed by its agents.

37. As a direct and proximate result of the acts of the Defendant Officers, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Euron Matthews, prays for judgment in his favor and against the Defendants, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count V - Illinois State Law
### Intentional Infliction of Emotional Distress - All Defendants

38. The Plaintiff re-alleges Paragraphs 1 through 37, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 38.

39. As described above, the Defendants engaged in conduct that was extreme and outrageous when they knew, or should have known, that their actions would cause severe emotional distress to the Plaintiff.

40. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as Will County Sheriff's police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

41. Defendant Will County is liable as principal for all torts committed by its agents.

42. As a direct and proximate result of the acts of the Defendant Officers, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Euron Matthews, prays for judgment in his favor and against the Defendants, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count VI - Illinois State Law
### Indemnification – Will County

43. The Plaintiff re-alleges Paragraphs 1 through 42, inclusive, and incorporates those

Paragraphs herein, as though fully stated as this Paragraph 43.

44.     At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

45.     At all relevant times Will County was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, Euron Matthews, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, Will County, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully submitted,

SMITHAMUNDSEN LLC,

By:     s/Marcie Thorp

Marcie Thorp
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Firm No.  42907
